UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **SCHNEIDER SADDLERY CO., INC.,** | : | Case No. 1:06 CV 2602 |
| | : | |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| | : | |
| **BEST SHOT PET PRODUCTS INTERNATIONAL, LLC,** | : | <u>ORDER</u> |
| | : | |
| **Defendant.** | : | |

This case is before the Court on Defendant Best Shot Pet Products International, LLC's ("Best Shot") *Motion for Order to Compel Plaintiff to Answer Discovery* (Doc. 49) ("Motion to Compel") and Plaintiff Schneider Saddlery Co., Inc.'s ("Schneider Saddlery") *Motion for Protective Order and to Strike Discovery Requests* (Doc. 51) ("Motion for Protective Order"). Each party has filed a response in opposition to the other parties' motion and a reply in support of its own motion. (Docs. 52-55.)

As articulated more fully below, both motions are **<u>DENIED</u>** for failure to comply with Local Rule 37.1, and the resolution of the underlying discovery dispute is hereby **<u>REFERRED</u>** to Magistrate Judge William Baughman.

**I.    BACKGROUND**

The Motion to Compel and Motion for Protective Order relate to a discovery dispute concerning requests for written discovery served on Schneider Saddlery by Best Shot on September 29, 2007. Specifically, Best Shot propounded eighty-four (84) requests for admission, as well as interrogatories and requests for documents indicating the basis of any refusal to admit any of the eighty-four requests, two days prior to the October 1, 2007 discovery deadline. On October 1st,

1

Schneider Saddlery sent Best Shot a letter refusing to answer the September 29th discovery requests on grounds that they are untimely, burdensome, and duplicative of deposition testimony. (Doc. 49-5.) In response, Best Shot filed its Motion to Compel on October 3, 2007. (Doc. 49.) Notably, Best Shot filed its Motion to Compel without following the procedure described in Local Rule 37.1 concerning discovery disputes; *i.e.*, Best Shot did not contact the Court prior to filing its Motion to Compel. *See* Local Rule 37.1.

On October 9, 2007, the Court initiated a telephone conference with both parties to discuss the discovery dispute at the heart of Best Shot's motion to compel and the Court's concern that the parties appeared to be ignoring their obligations under Local Rule 37.1. The parties proposed that their failure to telephone the Court prior to filing motions related to the discovery dispute could be excused to allow them to fully brief the issues. The parties also indicated their willingness to meet with a Magistrate Judge to discuss their dispute in more detail.

After the telephone conference, on October 14, 2007, Schneider Saddlery filed its Motion for Protective Order, including a response in opposition to Best Shot's Motion to Compel. (Docs. 51-53.) Best Shot filed an opposition to the Motion for Protective Order, along with a reply in support of its Motion to Compel, on October 26, 2007. (Doc. 54.) Lastly, Schneider Saddlery filed a reply in support of its Motion for Protective Order on October 26, 2007. (Doc. 55.)

**II.    DISCUSSION**

Local Rule 37.1 requires the parties to contact the Court by telephone prior to filing motions related to discovery disputes. The Court specifically referenced Local Rule 37.1 in paragraph 5 of the *Case Management Plan* (Doc. 11), reminding the parties of their obligation to follow the procedure described in the rule for bringing a discovery dispute to the Court. Best Shot's Motion to

Compel clearly raised a discovery dispute without following Local Rule 37.1. Therefore, Best Shot's Motion to Compel (Doc. 49) is hereby **DENIED**.

Furthermore, although styled as an independent motion, Schneider Saddlery's Motion for Protective Order is actually a response to Best Shot's Motion to Compel. (Doc. 51.) That is, Schneider Saddlery seeks an Order striking the September 29th discovery requests in order to prevent Best Shot from obtaining the information responsive to the requests. (*See id.* at 1.). Accordingly, Schneider Saddlery's Motion for Protective Order (Doc. 51) must also be **DENIED** pursuant to Local Rule 37.1.

Because a discovery dispute remains, however, and has not yet been fully vetted as contemplated by Local Rule 37.1, the discovery dispute is hereby **REFERRED** to Magistrate Judge William Baughman for resolution. The parties' filings related to the Motion to Compel and Motion for Protective Order, (Docs. 49, 51-55), though no longer pending on the docket, may still serve as a written description of the parties' respective positions for reference by Magistrate Judge Baughman.

### III. CONCLUSION

Defendant Best Shot Products International, LLC's *Motion for Order to Compel Plaintiff to Answer Discovery* (Doc. 49) is **DENIED**. Plaintiff Schneider Saddlery Co., Inc.'s *Motion for Protective Order and to Strike Discovery Requests* (Doc. 51) is likewise **DENIED**. The Court hereby **REFERS** the parties' discovery dispute to Magistrate Judge William Baughman for resolution.

**IT IS SO ORDERED.**

                                                      **s/Kathleen M. O'Malley**
                                                      **KATHLEEN McDONALD O'MALLEY**
                                                      **UNITED STATES DISTRICT JUDGE**

**Dated: November 1, 2007**